UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

CASE NO.:

DUTCH BOATS CORPORATION,
a Florida corporation,

    Plaintiff,

v.

"THE WEEKEND" - one 2006 64' Aicon motor yacht
bearing Hull Identification Number ACND0043L607 and
Official Number 1270547, and its engines, equipment, inventory, etc.,
*in rem,*

and

CHAISE INVESTMENT GROUP LLC,
a Florida limited liability company,
*in personam*,

    Defendants.
_____/

## VERIFIED COMPLAINT

    Plaintiff, DUTCH BOATS CORPORATION, by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits this Verified Complaint and sues the Defendant Vessel, "THE WEEKEND" - one 2006 64' Aicon motor yacht bearing Hull Identification Number ACND0043L607, and Official Number 1270547, along with its engines, equipment, inventory, tender, furniture, furnishings, apparel, and appurtenances, *in rem*, and its owner, CHAISE INVESTMENT GROUP LLC, a Florida limited liability company, *in personam*, and alleges as follows:

## PARTIES

1. Plaintiff, DUTCH BOATS CORPORATION ("DUTCH BOATS"), is a Florida corporation with its principal place of business at 1300 Brickell Bay Dr., # 2102, Miami, FL 33131.

2. Defendant Vessel, "THE WEEKEND" - one 2006 64' Aicon vessel bearing Hull Identification Number ACND0043L607 and Official Number 1270547, along with its tender, engines, equipment, inventory, and appurtenances ("THE WEEKEND" or "Defendant Vessel").

3. Upon information and belief, Defendant, CHAISE INVESTMENT GROUP LLC ("CHAISE GROUP"), is a Florida limited liability company with its principal place of business at 14405 Waynesford Drive, Upper Marlboro, MD 20772, and is the owner of the Defendant Vessel.

## JURISDICTION AND VENUE

4. This is an *in rem* action to foreclose on a maritime lien for *necessaries* within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31342(a).

5. The Defendant Vessel is physically located within the Southern District of Florida, and as such, the Defendant Vessel is within the jurisdiction of this Court.

6. DUTCH BOATS invokes Rule 9(h) of the Federal Rules of Civil Procedure in order to assert its maritime lien foreclosure action.

7. This Court has federal question jurisdiction over DUTCH BOATS' statutory maritime foreclosure action against the Defendant Vessel pursuant to 46 U.S.C. § 31342(a) of the Commercial Instruments and Maritime Liens Act.

8. Venue is proper as the facts giving rise to the action evidence that the res at issue is presently located within Fort Lauderdale, Broward County, Florida, and the *necessaries* were provided to the Defendant Vessel within the confines of the Southern District of Florida.

9. All conditions precedent have occurred and/or have been excused.

## INTRODUCTION AND FACTUAL BACKGROUND

10. This is an *in rem* action to foreclose on a maritime lien for unpaid *necessaries* within the meaning of 46 U.S.C. § 31342(a) against the Defendant Vessel, and an *in personam* action for breach of maritime contract against the vessel owner, CHAISE GROUP.

11. Specifically, the *in rem* action has been initiated to foreclose on a maritime lien for services provided to the Defendant Vessel, including but not limited to engine rebuild and repair services, parts, labor, and other "*necessaries*" provided to Defendant Vessel by the Plaintiff.

12. The term "necessaries" has been expanded to encompass any item or service which is reasonably needed for the venture for which the vessel was engaged.

13. The *in personam* claim is being asserted against the Vessel Owner and its authorized representatives in an action for damages for a breach of maritime contract for engine repairs, marine services, and the supply of parts and other *necessaries* to the Defendant Vessel.

14. In exchange and consideration for the engine rebuild and repair services, parts, labor, and other *necessaries* provided to CHAISE GROUP, the Defendant Vessel and Vessel Owner are obligated to pay the sum of $145,241.37 to DUTCH BOATS.

15. CHAISE GROUP has become delinquent in payment for the various repair services, parts, and *necessaries* rendered to Defendant Vessel.

16. Repeated efforts were made by DUTCH BOATS to obtain payment for the engine rebuild and repair services, parts, labor, and other necessaries provided to the Defendant Vessel.

17. No response or payment has been forthcoming, and Plaintiff, DUTCH BOATS, now seeks to foreclose on its maritime lien against the Defendant Vessel in order to satisfy its maritime lien and claim in the sum certain amount of $145,241.37 which remains outstanding as of the date of the filing of the instant action.

# COUNT I
## *IN REM* CLAIM AGAINST THE DEFENDANT VESSEL
### FORECLOSURE OF MARITIME LIEN – 46 U.S.C § 31342

Plaintiff, DUTCH BOATS, adopts and reincorporates paragraph numbers 1 through 17 as if fully set forth herein and further alleges:

18.  DUTCH BOATS hereby asserts an *in rem* cause of action against the Defendant Vessel to enforce a maritime lien for *necessaries* provided by Plaintiff to the Defendant Vessel, pursuant to 46 U.S.C. § 31342 and in accordance with Supplemental Admiralty Rule C.

19.  On or about July 2, 2021, CHAISE GROUP entered into an agreement with DUTCH BOATS to provide engine rebuild and repair services, parts, labor, and other *necessaries* for the Defendant Vessel.

20.  At all times material hereto, CHAISE GROUP and/or its representatives authorized DUTCH BOATS to provide engine rebuild and repair services, parts, and other *necessaries to* the Vessel pursuant to 46 U.S.C. § 31341 of the Commercial Instruments and Maritime Lien Act.

21.  CHAISE GROUP had actual or apparent authority to authorize DUTCH BOATS to provide various engine rebuild and repair services, parts, labor, and other *necessaries*.

22.  At all times material hereto, DUTCH BOATS relied upon the credit of the Defendant Vessel.

23.  DUTCH BOATS has not been fully compensated for engine rebuild and repair services, parts, labor, and other *necessaries* provided to the Defendant Vessel.

24.  In exchange and consideration for the engine rebuild and repair services, parts, labor, and other *necessaries* provided to the Defendant Vessel, CHAISE GROUP and the Defendant Vessel were obligated to pay DUTCH BOATS the sum of $145,241.37.

25.  This amount was reasonable and in accordance with marine industry standards.

26. DUTCH BOATS has not been fully paid for the engine rebuild and repair services, parts, labor, and other *necessaries* provided to the Defendant Vessel.

27. DUTCH BOATS is owed the sum of $145,241.37 for the engine rebuild and repair services, parts, labor, and other *necessaries* provided to the Defendant Vessel.

28. This sum certain of $145,241.37, is comprised of monies owed for the engine rebuild and repair services, parts, labor, and other necessaries provided to the Defendant Vessel during the period of July 2, 2021, onwards.

29. The failure to pay DUTCH BOATS for engine rebuild and repair services, parts, labor, and other *necessaries* gives rise to a maritime lien against the Defendant Vessel.

30. The engine rebuild and repair services, parts, labor, and other *necessaries* provided to the Defendant Vessel by DUTCH BOATS give rise to a valid, existing, and enforceable maritime lien against the Defendant Vessel, under the provisions of 46 U.S.C. § 31342(a)(1).

31. Under these circumstances, DUTCH BOATS has the right to foreclose on its maritime lien by bringing a civil action *in rem* against the Defendant Vessel. 46 U.S.C. § 31342(a)(2).

32. Plaintiff DUTCH BOATS is legally entitled to recover the total sum of $145,241.37, plus pre-judgment interest, and the costs of this proceeding which includes, but is not limited to, the U.S. Marshal's fees and court filing fee from the Defendant Vessel.

33. Plaintiff was compelled to hire the undersigned law firm in an effort to collect on its invoices and is obligated to pay the attorney's reasonable fees.

34. As a result of the foregoing, DUTCH BOATS seeks to enforce its maritime lien for the engine rebuild and repair services, parts, labor, and other *necessaries* provided to the Defendant Vessel through the arrest and eventual sale of the Defendant Vessel.

35. Therefore, it is respectfully requested that this honorable Court issue a Summons and Warrant for the arrest of the Defendant Vessel, and ultimately, an Order for the Sale of the Vessel, thereby allowing DUTCH BOATS to recoup the sum of $145,241.37, owed to it for the engine repair, marine services, supplies, equipment and other *necessaries* provided to the Defendant Vessel, together with all damages shown at trial and all other losses and expenses permitted by law, including, but not limited to, costs and interest.

WHEREFORE, Plaintiff, DUTCH BOATS CORPORATION, respectfully requests the following:

a) Issue a supplemental warrant of arrest for the Defendant Vessel, and that all persons with an interest therein be cited to appear and answer;

b) Defendant Vessel be arrested pursuant to Supplemental Rule C to the extent of the Plaintiff's maritime lien, plus all litigation costs and pre-judgment interest;

c) Defendant Vessel and its engines, tackle, rigging, apparel, equipment, appurtenances, furniture, and inventory be condemned and sold, and the proceeds be applied to pay the Plaintiff a sum equal to (1) the extent of its maritime lien asserted above and (2) a sum equal to the damages found by this Court to have been suffered by the Plaintiff, plus interest, litigation costs, and arrest costs.

d) Plaintiff be decreed to have a priority lien upon the Defendant Vessel above all other liens except for the *custodia legis* asserted by the Substitute Custodian;

e) Plaintiff be permitted to bid its lien collectively at the US Marshal's auction sale;

f) Upon proper notice and hearing, judgment be entered against the *in rem* Defendant Vessel, together with pre-judgment interest and costs;

g) Grant any and all other relief deemed just and proper of this Court.

## COUNT II
### *IN PERSONAM* CLAIM AGAINST THE VESSEL OWNER
### BREACH OF MARITIME CONTRACT

Plaintiff, DUTCH BOATS CORPORATION, adopts and reincorporates paragraphs 1 through 17 as if fully set forth herein and further alleges:

36. DUTCH BOATS asserts this in *personam* cause of action for breach of a maritime contract against CHAISE GROUP.

37. In or about July 2021, CHAISE GROUP entered into the Vessel Services Contract with DUTCH BOATS to provide various parts, repairs, services, supplies, equipment, and other *necessaries* to the Defendant Vessel. A copy of the Vessel Service and Storage Contract ("Vessel Services Contract") is hereto as Composite Exhibit "A."

38. The engine rebuild and repair services, parts, labor, and other *necessaries* were requested by CHAISE, as the owner and authorized agent of the Defendant Vessel.

39. In exchange and consideration for the engine rebuild and repair services, parts, labor, and other necessaries provided to CHAISE GROUP, the Defendant Vessel and Vessel Owner were contractually obligated to pay DUTCH BOATS.

40. CHAISE GROUP has breached its contractual obligations by failing to pay the sums owed pursuant to the Vessel Services Contract and has become delinquent in payment for the various repair services, parts, and *necessaries* rendered to Defendant Vessel.

41. Repeated efforts were made by DUTCH BOATS to obtain payment for the engine rebuild and repair services, parts, labor, and other *necessaries* provided to the Defendant Vessel.

42. No response was forthcoming, and the invoices issued pursuant to the Vessel Service and Storage Contract remain unpaid as of the date of this Verified Complaint.

43. DUTCH BOATS has been partially compensated for the provision of parts, repairs, services, supplies, equipment, and other *necessaries* to the Defendant Vessel.

44. However, DUTCH BOATS has not been fully compensated for the parts, repairs, services, supplies, equipment, and other *necessaries* rendered to the Defendant Vessel.

45. Specifically, and to date, DUTCH BOATS is owed $145,241.37 for past due invoices for parts, repairs, services, supplies, equipment, and other *necessaries* provided to the Defendant Vessel, in addition to all costs, expenses, interest, and attorneys' fees.

46. CHAISE GROUP's failure to remit payment to DUTCH BOATS constitutes a material breach of the terms and conditions of the Vessel Services Contract.

47. Plaintiff has allowed Defendant ample opportunity to cure its breach(es), but CHAISE GROUP continues to refuse to honor its obligations under the Vessel Services Contract.

48. As a result of these breach(es), DUTCH BOATS has been damaged.

49. DUTCH BOATS is presently owed the sum of $145,241.37 for parts, repairs, services, supplies, equipment, and other *necessaries* provided to the Defendant Vessel, in addition to interest, costs, and expenses.

50. Pursuant to the terms of the Vessel Services Contract, DUTCH BOATS is also entitled to recover all attorney's fees and costs incurred due to Defendant's repeated and ongoing breach and failure to timely submit payment to Plaintiff.

51. WHEREFORE, Plaintiff, DUTCH BOATS CORPORATION, respectfully requests this Court enter judgment against CHAISE INVESTMENT GROUP LLC, in *personam*, in the amount of $145,241.37, plus reasonable attorneys' fees, costs, pre-and post-judgment interest, and for all such further and other relief which justice requires or may be deemed appropriate by this Court.

Respectfully submitted this 12th day of September 2022.

By: /s/ James H. Perry II
JAMES H. PERRY, II
Fla. Bar No. 991491
perry@maritimeattorneys.com
PERRY & NEBLETT, P.A.
1650 SE 17 Street, Suite 200
Fort Lauderdale, Florida 33316
Telephone:   954-500-1000
Facsimile:   954-500-2000
*Counsel for Plaintiff*

## **VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared Gustavo Masi, who, upon the penalty of perjury, does declare and state:

1. I am the President of the Plaintiff, DUTCH BOATS CORPORATION, a Florida corporation, in the above-captioned lawsuit and as such have the authority to execute this Verification; and

2. I have read the foregoing Verified Complaint and know the contents of thereof, and the same are true of my own knowledge, except as to the matters therein stated upon information and belief, and as to those matters, I believe they are to be true.

3. Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true to the best of my knowledge and belief. Florida Statute §92.525(1)(c)(2). I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States that the foregoing is true and correct. 28 U.S.C. § 1746.

DUTCH BOATS CORPORATION


By: ___/s/_Gustavo Masi_____   _____
Name: Gustavo Masi                                    Date
Title:  President